```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA f/b/o   )
CLIFFORD & GALVIN CONTRACTING,   )
LLC,                             )
     Plaintiff,                  )
                                 )     C.A. No. 12-10152-MLW
          v.                     )
                                 )
ENDICOTT CONSTRUCTORS, CORP.     )
and WESTERN SURETY CO.           )
     Defendants                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          December 13, 2012

Plaintiff Clifford & Galvin Contracting, LLC ("Clifford") brought this action against defendants Endicott Constructors, Corp. ("Endicott") and Western Surety Co. ("Western") in part, pursuant to the Miller Act, 40 U.S.C. §3131 et seq. Plaintiff entered into a subcontracting agreement (the "Agreement") with Endicott, the general contractor on a public construction project. Western is the Miller Act surety to Endicott.

Defendants have jointly moved to dismiss or, in the alternative, to stay the proceeding and compel arbitration pursuant to the arbitration clause in the Agreement. Plaintiff does not oppose staying the case, but opposes defendants' motion to dismiss and the request for an order compelling arbitration. For the reasons stated below, the motion to dismiss is being denied, the motion to stay pending arbitration is being allowed, and the request for an order compelling arbitration is being denied without prejudice.

The Agreement has a clause requiring arbitration of disputes between Clifford and Endicott, which the parties agree is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1-16. The FAA provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. Section 3 of the FAA further provides that, upon application of one of the parties, federal courts must stay any suit in which any issue is referable to arbitration under a written agreement. See 9 U.S.C. §3; see also Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989). Courts may go beyond a stay, however, and dismiss the proceeding "when all of the issues before the court are arbitrable." Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998).

The parties do not dispute that the Agreement between Clifford and Endicott falls under the ambit of §3. Accordingly, the court must allow defendants' motion to stay the case pending arbitration. Dismissal, however, is not an appropriate remedy in this case. Plaintiff's claims against Western, a Miller Act surety which is not party to the Agreement, are not arbitrable and may only be brought before a federal court. See 40 U.S.C §270b; United States ex rel. Portland Constr. Co. v. Weiss Pollution Control Corp., 532 F.2d 1009, 1012 (5th Cir. 1976) (subcontractor may only seek Miller Act remedy against surety in federal court). However, the claim

against the surety may only need to be litigated if Clifford prevails against Endicott in the arbitration. Accordingly, such proceedings brought against a contractor and surety under the Miller Act, are typically stayed pending arbitration. See United States ex rel. Wrecking Corp. of America v. Edward R. Marden Corp., 406 F.2d 525 (1st Cir. 1969); see e.g. United States ex rel. Maverick Constr. Mgmt. Servs, Inc. v. Consigli Constr. Co., 2012 WL 2001619, at *6 (D. Me. Jun. 5, 2012). Therefore, the court is allowing the motion to stay and denying the motion to dismiss.

In addition, an order compelling arbitration is premature. Section 4 of the FAA provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" for an order directing arbitration. 9 U.S.C. §4. Defendants have not demonstrated that plaintiff has failed, neglected or refused to participate in arbitration. To the contrary, plaintiff has not opposed the motion to stay and asserts that it only initiated the instant action to preserve its Miller Act claims, which are subject to a one-year statute of limitations. The court expects that plaintiff will proceed to arbitration in the manner prescribed by the Agreement. The denial of defendants' request is, however, without prejudice to reconsideration if plaintiff proves unwilling to comply with the arbitration clause in the Agreement.

In view of the foregoing, it is hereby ORDERED that:

1. Defendants' motion to dismiss, or in the alternative to stay the case and compel arbitration (Docket No. 9) is ALLOWED in part and DENIED in part. Specifically, the motion to stay is ALLOWED and this case is STAYED; the motion to dismiss is DENIED; and the request for an order compelling arbitration is DENIED without prejudice.

2. The parties shall, within 30-days of a decision in the arbitration, report whether this case should be dismissed and, if not, propose a schedule for resolving the issue(s) to be litigated.

      /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE